IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA CRENSHAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02214-G (BT) |
| | § | |
| | § | |
| CITY OF DALLAS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sandra Crenshaw filed this *pro se* civil action under 42 U.S.C. §
1983. The Court granted leave to proceed *in forma pauperis*, but withheld process
pending judicial screening. The Court also sent Plaintiff a Magistrate Judge's
Questionnaire seeking additional information about her claims. Now, for the
following reasons, the Court recommends that Plaintiff's complaint should be
dismissed and Plaintiff should be sanctioned.

I.

In her Complaint, Plaintiff alleges the City of Dallas violated her civil rights
when the Mayor told police to give her a trespass warning. Plaintiff claims the City
used her 2008 mental illness diagnosis to discriminate against her and prevent her
from speaking by issuing the trespass warning. In her response to the Magistrate
Judge's Questionnaire, Plaintiff states that, in September 2017, she went to the

1

Texas Workforce Commission Office where an employee of the Texas Workforce Commission called police, and police issued her a trespass warning. She attached a copy of this trespass warning to her response to the Questionnaire. However, Plaintiff did not provide any further information regarding her claim of discrimination by the City. Plaintiff seeks money damages and removal of the "MI" designation on police case sheets. She does not explain what the "MI" designation is or what type of case sheets reflect this designation.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

2

III.

## A.    Claims under § 1983

Plaintiff's complaint, and her response to the Magistrate Judge's Questionnaire, fails to state a claim upon which relief may be granted. A dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x. 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)). Further, the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

For a municipality to be liable under § 1983, Plaintiff must identify a policymaker, an official policy, and a violation of her constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). The City cannot be held liable under a theory of *respondeat superior*. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978).

Official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying

3

constitutional violation . . . cannot be conclusory; it must contain specific facts.'"
*Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller
v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Here, Plaintiff
has failed to identify any unconstitutional custom or policy that violated her civil
rights. Additionally, a single incident is generally insufficient to infer an official
custom. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591
F.3d 747, 753-54 (5th Cir. 2009); *Piotrowski*, 237 F.3d at 582.

Further, the Magistrate Judge's Questionnaire ordered Plaintiff to state all
facts supporting her claim. Plaintiff, however, alleged no facts regarding her claim
that the trespass warning from the City was based on her previous diagnosis of a
mental illness, and she alleged no facts that allow the Court to draw the reasonable
inference that the City is liable for issuing the trespass warning. Although Plaintiff
provided information regarding a trespass warning at the Texas Workforce
Commission Office, she failed to allege facts showing that the City was involved in
that incident. Plaintiff has failed to allege sufficient facts stating a claim under §
1983.

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend her
complaint prior to a dismissal but leave to amend is not required when the plaintiff
has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th
Cir. 2009). Here, the Court sent Plaintiff a Magistrate Judge's Questionnaire and
ordered Plaintiff to state all facts that support her claims in response to the

4

Questionnaire. Plaintiff has therefore pleaded her "best case," and the complaint should be dismissed.

## B.   Sanctions

The Court finds Plaintiff should be sanctioned. She has previously filed eight civil actions in the Northern District of Texas. Four of these actions were dismissed as frivolous or for failure to state a claim. *See Crenshaw v. Ewing*, No. 3:14-cv-0872-K-BF, 2014 WL 3500132 (N.D. Tex. 2014) (claiming county party chair violated her civil rights by finding that she failed to comply with residency requirements for placement on the ballot); *Crenshaw v. Transicare, Inc.*, No. 3:10-cv-1861-O-BD, 2010 WL 5387619 (N.D. Tex. Dec. 6, 2010), *rec. accepted*, 2010 WL 5209305 (N.D. Tex. Dec. 17, 2010) (suing various entities and mental health professionals involved in her involuntary commitment to a state mental hospital); *Crenshaw v. Jones*, No. 3:02-cv-953-H, 2003 WL 21662824 (N.D. Tex. July 14, 2003), *rec. accepted*, No. 3:02-cv-953-H (N.D. Tex. Jul. 29, 2003) (suing several individuals, including a local justice of the peace, for allegedly orchestrating a media event surrounding her arrest for contempt of court that resulted in her loss of an election a few days later); *Crenshaw v. City of Dallas*, 3:14-cv-2792-D-BK, 2014 WL 6680736 (N.D. Tex. Nov. 25, 2014) (suing the City of Dallas regarding her arrest for theft of a motor vehicle).

Plaintiff's four other cases were dismissed for want of prosecution. *See Crenshaw v. Slaughter*, No. 3:13-cv-3432-BF (N.D. Tex. 2014) (dismissal with

prejudice for failure to comply with a court order and appear at a show cause hearing); *Crenshaw v. Fain*, No. 3:03-cv-1015-R (N.D. Tex. 2004) (dismissal without prejudice for want of prosecution); *Crenshaw v. Mfume*, No. 3:03-cv-1110-N (N.D. Tex. 2003) (same); *Crenshaw v. Doeringsfeld*, No. 17-cv-2979-G-BK (N.D. Tex. 2018) (same).

Additionally, Plaintiff was previously warned that she could be sanctioned if she continued to file frivolous or baseless actions. *See Crenshaw v. City of Dallas*, No. 3:14-cv-2972-D-BK , 2014 WL 6680736 at *1. Plaintiff has persisted in filing baseless actions by filing this complaint. The Court recommends that Plaintiff be sanctioned $100.00 and that Plaintiff be required to pay this sanction before filing any new civil action in federal court.

IV.

The Court recommends that the complaint be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and that Plaintiff be sanctioned.

Signed November 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).